# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KENNETH ADAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:18-CV-00371-LCB |
| | ) |
| **LOUISIANA-PACIFIC** | ) |
| **CORPORATION,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kenneth Adams, originally filed his complaint in the Cullman County Circuit Court on May 26, 2017, against his employer, Louisiana-Pacific Corporation ("LP") and fictitious party-defendants alleging two counts[1] under the Alabama Workers' Compensation Act, § 25–5–1 *et seq.,* Ala. Code 1975, for employment-related injuries.[2] (Doc. 1-1, at 3-5). Plaintiff amended his complaint on December 1, 2017,[3] adding Cannon Cochran Management Services, Inc. ("CCMSI"),[4] as a party-defendant and alleging additional counts against both LP

---

[1] Count one is alleged solely against LP under the Alabama Workers' Compensation Act. Count two alleges "any theories of law advanced in this complaint or in any amended complaints" against fictitious party defendants. (Doc.1-1, at 5).

[2] Plaintiff suffered injuries to his back and neck during a fall which occurred on October 12, 2016, while he was in the course of his employment with LP. *Id.* at. 3-4.

[3] (Doc. 1-2, at 2-8).

[4] Defendant LP is self-insured and "engages CCMSI to administer worker's compensation claims on [its] behalf." (Doc. 1-2, at 12) (alteration supplied).

1

and CCMSI for outrage, intentional infliction of emotional distress, and breach of intended beneficiary contract.[5] Counts three and four were severed from the workers' compensation claims (counts one and two) by the state court and assigned a new case number.[6] Thereafter on March 8, 2018, the severed case, consisting of counts three and four, was removed[7] and reassigned to this Court on October 17, 2018. (Docs. 1 and 21). On April 17, 2019, Plaintiff and his employer, LP, jointly notified this Court that they had entered into a settlement, and all claims against LP, were dismissed with prejudice, *pro tanto*, on April 18, 2019. (Doc. 29). The case is currently before the Court on CCMSI's motion for summary judgment (Doc. 35) and a motion to strike (Doc. 50) certain evidence submitted by the Plaintiff in opposition (Doc. 41) to CCMSI's summary judgment motion. Upon consideration of the pleadings, briefs, and evidentiary submissions, the Court enters the following opinion and order.

## I. STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[5] Count three alleges the tort of outrage and intentional infliction of emotional distress, and count four is a claim for breach of intended beneficiary contract. (Doc. 1-2, at 2-8).
[6] (Doc. 1-1, at 195.)
[7] Removal is based upon complete diversity pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("*Anderson*"). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on her allegations made in the complaint; instead, as the party bearing the burden of proof at trial, she must come forward with at least some evidence to support each element essential to her case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is

'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## II. DISCUSSION

In the case at bar, Plaintiff concedes that defendant CCMSI is entitled to summary judgment on his breach of intended beneficiary contact claim (Count Four) by stating in his response that "[he] does not wish to pursue [this claim]"[8] and by failing to present any opposition in his responsive brief.[9] *See S.O. Beach Corp. v. Great Am. Ins. Co. of New York*, 791 F. App'x 106, 112 (11th Cir. 2019) (plaintiff waived argument by not presenting it in its brief before the court, citing *Continental Technical Services, Inc. v. Rockwell International Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) (*per curiam*) ("An argument not made is waived. . . .")). For these reasons, Plaintiff's breach of intended beneficiary contract claim (Count Four) will be dismissed.

With regard to Plaintiff's remaining claim (Count Three) for outrage and

---

[8] (Doc. 46, at 16 n.3)(alterations supplied)).
[9] *Id.* at 1-34.

intentional infliction of emotional distress,[10] the Court finds that genuine disputes as to material facts preclude the entry of summary judgment.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment (Doc. 35) is **GRANTED** in part and **DENIED** in part. Plaintiff's claim for breach of intended beneficiary contract (Count Four) is **DISMISSED** with prejudice. The case will proceed to trial on Plaintiff's claim of outrage and intentional infliction of emotional distress under Count Three. Further, Defendant's motion to strike (Doc. 50) is **DENIED**. The Court will enter a separate order setting the case for a pretrial conference and trial.

**DONE** and **ORDERED** March 31, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[10] The Alabama Supreme Court recognizes that "[t]he tort of outrage encompasses both intentional and reckless infliction of severe emotional distress." *Ex parte Lumbermen's Underwriting All.*, 662 So. 2d 1133, 1134, n.1 (Ala. 1995) (*citing American Road Service Co. v. Inmon*, 394 So.2d 361 (Ala.1980)).